<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| SARAH PRIOLI, *et al.*, | : | |
| Plaintiffs, | : | |
| v. | : | Case No. 3:18-cv-00256-BRM-DEA |
| COUNTY OF OCEAN, *et al.* | : | OPINION |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiffs Sergeant Sarah Prioli ("Prioli"), Sergeant Elizabeth Clarke ("Clarke"), Sergeant Nicole Horan ("Horan"), Captain Theresa Wallace ("Wallace"), and Officer Jody Neilson's ("Neilson") (collectively, "Plaintiffs") Appeal[1] (ECF No. 41) of Magistrate Judge Arpert's December 10, 2019 Order (i) compelling Plaintiffs to provide medical records and expert reports, and to identify treating physicians and their anticipated testimony by December 31, 2019 or be barred from doing so, and (ii) denying Plaintiffs' informal application to compel production of electronic discovery (ECF No. 37). Defendants County of Ocean, Sandra Mueller ("Mueller"), Joseph Valenti ("Valenti"), John Haberbush ("Haberbush"), and Joshua Dickinson (collectively, "Defendants") oppose the Appeal. (ECF No. 44.) Having reviewed the papers submitted by counsel, and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure

---

[1] The motion was filed as a "motion to compel discovery" but, upon review of the motion, the Court construes it as an appeal of a magistrate judge's ruling under Rule 72(a). (*See* Br. (ECF No. 41-2) at 7 (citing Fed. R. Civ. P. 72(a)).)

78(b), for the reasons set forth below and for good cause having been shown, Plaintiffs' Appeal is **DENIED** and Judge Arpert's Order is **AFFIRMED**.

## I.  BACKGROUND

Plaintiffs Prioli, Clarke, and Horan brought an action against Defendants alleging violations of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, and the New Jersey Law Against Discrimination. (ECF No. 1 ¶ 1.) The allegations in their Complaint arose from "a systematic, continuous pattern and practice of gender discrimination, hostile work environment and/or retaliation against" them by Defendants. (*Id.*) Prioli, Clarke, and Horan further argue the individual Defendants "knowingly and intentionally aided and abetted [the County of] Ocean in its discriminatory policies and practices which have deprived [them] of equal employment." (*Id.*) Prioli, Clarke, and Horan sought injunctive relief, as well as compensatory and punitive damages due to Defendants' alleged violations of federal and state laws. (*Id.*)

Defendants filed a letter to the Court on January 30, 2018, requesting a thirty-day extension to file an answer to the Complaint. (ECF No. 3.) The next day, the Court granted Defendants' request for a thirty-day extension. (ECF No. 4.) On March 1, 2018, Defendants filed their Answer. (ECF No. 6.) Magistrate Judge Arpert entered a Pretrial Scheduling Order on April 6, 2018 granting Prioli, Clarke, and Horan leave to file an Amended Complaint to add additional parties by May 4, 2018. (ECF No. 10.) On May 4, 2018, Plaintiffs filed their First Amended Complaint (ECF No. 11), and in return, Defendants filed their Answer on June 12, 2018 (ECF No 13). On October 16, 2018, Judge Arpert entered a Consent Protective Order concerning the confidentiality of information and documents produced in this case. (ECF No. 15.)

Over the course of this litigation, Defendants claim Plaintiffs have not produced any discovery relating to Plaintiffs' medical claims and treatment. On December 12, 2018, Judge

Arpert ordered Plaintiffs to produce medical authorizations by December 31, 2018. (ECF No. 16.) Judge Arpert gave Plaintiffs several extensions to produce initial disclosures, as well as medical and expert reports. (*See* ECF Nos. 10, 16, 18, 20, 26, & 29.)

On October 14, 2019, Defendants filed a Motion to Compel medical records and expert reports by a date certain or be barred from doing the same. (ECF No. 30.) The next day, Defendants filed a letter requesting the Court to strike any medical or psychological testimony pertaining to Haberbush and Dickinson from the issues to be heard. (ECF No. 31.) In response, Plaintiffs filed letters on October 28, 2019 and November 6, 2019 regarding "unresolved issues including Plaintiffs' production of Medical Releases and Authorizations to Defendants for Plaintiffs' medical records, Defendants' failure to produce requested original electronic data pertaining to Sergeant Pressley and Warden Muller, and the taking of Sergeant Pressley's subpoenaed documents." (*See* ECF No. 35 at 1 & No. 36.)

On December 10, 2019, Judge Arpert granted Defendants' Motion to Compel production of medical records and expert records by a date certain or be barred from doing the same, and denied Plaintiffs' informal discovery application to compel production of electronic discovery from Defendants. (ECF No. 37.) On December 23, 2019, Plaintiffs incorrectly submitted a Federal Rule of Civil Procedure 72 Objection as a Motion to Alter the Judgment. (ECF No. 38.) On January 15, 2020, Judge Arpert filed an Order instructing Plaintiffs that the Court did not intend to take any action with Plaintiffs' incorrect filing until an appropriate motion was filed. (ECF No. 39.) On January 29, 2020, Plaintiffs filed a letter requesting a two-week extension to file their discovery motion. (ECF No. 40.) Judge Arpert granted Plaintiffs' request. (*Id.*)

On February 13, 2020, Plaintiffs filed this motion—which the Court construes as an Appeal—objecting to Judge Arpert's December 10, 2019 Order pursuant to Federal Rule of Civil

Procedure 72(a). (ECF No. 41.) In return, Defendants filed their Opposition Memorandum on February 24, 2020. (ECF No. 44.)

## II. LEGAL STANDARD

With respect to a district judge's review of a magistrate judge's decision, Federal Rule of Civil Procedure 72(a) states: "The district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Similarly, this Court's Local Rules provide that "[a]ny party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days," and the District Court "shall consider the appeal and/or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." L.Civ.R. 72.1(c)(1)(A).

A district judge may reverse a magistrate judge's discovery order if the order is shown to be "clearly erroneous or contrary to law" on the record before the magistrate judge. 28 U.S.C. 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a); L.Civ.R. 72.1(c)(1)(A); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district court as having a "clearly erroneous review function," permitted only to review the record that was before the magistrate judge). The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A district judge may find a magistrate judge's decision "clearly erroneous" when it is "left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). However,

4

"[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's ruling is "contrary to law" if it misinterpreted or misapplied applicable law. *Kounelis*, 529 F. Supp. 2d at 518; *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

### III. DECISION

#### A. Defendants' Motion to Compel Discovery by a date certain or be barred from doing the same

On December 10, 2019, Judge Arpert granted an Order compelling Plaintiffs to provide medical records and expert reports, and to identify physicians and their anticipated testimony by December 31, 2019 or be barred from doing so. (ECF No. 37 at 1.) On appeal, Plaintiffs argue their "production of signed HIPPA release forms and [D]efendants'[] non-production of the medical notes makes it an impossibility for [P]laintiff[s] to prepare a summary of medical notes." (ECF No. 41-2 at 23.) Therefore, "[i]n the present case where there is incomplete discovery, it is premature to prohibit [P]laintiffs from presenting and summarizing notes of treating medical practitioners who maintained notes of [P]laintiffs' treatment." (*Id.* at 24.) Plaintiffs note under the theories of vicarious liability and respondeat superior, Haberbush and Dickinson's actions constitute actions on behalf of their employer, County of Ocean, and their bosses, Mueller and Valenti. (*Id.* at 23.) Nevertheless, this Court finds Plaintiffs have not met their burden of establishing that Judge Arpert clearly erred in granting Defendants' Motion to Compel Discovery.

Because Judge Arpert has broad discretion to manage his docket and decide discovery issues, the Court finds Judge Arpert properly granted Defendants' Motion to Compel. *Gerald Chamles Corp. v. Oki Data Americas, Inc.*, Civ. No. 07-1947, 2007 WL 4789040, at *1 (D.N.J. Dec. 11, 2007). In Judge Arpert's December 10, 2019 Order, the Court found:

5

> [T]he information sought by Defendants is well within the scope of discovery afforded by the Federal Rules. The information is not overly burdensome or duplicative and is relevant to Plaintiffs' claims. While the Court has a responsibility to protect parties' privacy interests, here, the Plaintiffs put their private medical histories at issue in their claims. The Court also finds that the information sought is not privileged and is related to Plaintiffs' claims. Plaintiffs claim that they suffered physical and psychological harm due to Defendants' conduct. Thus, identification of treating physicians, the medical records and reports of their treating physicians are highly relevant to Plaintiffs' claims.

(ECF No. 37 at 6.) "Particularly in discovery motions, a Magistrate Judge's Order is entitled to great deference in this District, since the Magistrate Judges have full authority to manage the civil cases and to determine all such matters of discovery and case management." *Pub. Interest Research Grp. of N.J., Inc. v. Hercules, Inc.*, 830 F. Supp. 1525, 1546 (D.N.J. 1993), *aff'd in part, rev'd in part on other grounds*, 50 F.3d 1239 (3d Cir. 1995). Such deference is especially appropriate when the Magistrate Judge has been managing the matter from the outset and developed a thorough knowledge of the proceedings and history. *Id.* at 1547.

Furthermore, Defendants correctly state in their Opposition Memorandum that Plaintiffs' medical records should remain barred because Plaintiffs failed to follow Judge Arpert's October 2, 2019 and December 10, 2019 Orders, as well as the December 12, 2019 Revised Scheduling Order. (ECF No. 44 at 4.) Specifically, on October 2, 2019, the Court ordered Plaintiffs to identify which treating physicians would be called to testify by October 4, 2019. (ECF No. 29.) On December 10, 2019, the Court ordered Plaintiffs to produce the discovery by December 31, 2019, and "the failure to timely comply [would] likely result in the imposition of sanctions including the preclusions of evidence and/or suppression of pleadings." (ECF No. 37 at 8.) Plaintiffs have consistently refused to make such a showing and declined to cooperate with the discovery process.

Accordingly, Plaintiffs have failed to demonstrate that Judge Arpert clearly erred in granting Defendants' Motion to Compel Discovery.

### B. Plaintiffs' Informal Application to Compel Production of Electronic Discovery

Judge Arpert denied Plaintiffs' informal application to compel production of Defendants' electronic stored information including but not limited to missing and destroyed files from Wallace, Mueller, and Sergeant Pressley. (*See* ECF No. 35 at 2; ECF No. 37.) In Plaintiffs' Appeal of that denial, they contend their electronic stored discovery requests pertaining to similar situated employees were practical, reasonable, and not unduly burdensome on Defendants, therefore being within the scope of discovery under Federal Rule of Civil Procedure 26. (*See* ECF No. 41-2 at 11.) Plaintiffs argue Defendants shredded documents during this litigation despite Defendants having an affirmative duty to preserve information based on the Equal Employment Opportunity Commission "inform[ing] them that a Complaint was filed against the County [of Ocean]." (*Id.* at 16.) Again, this Court finds Plaintiffs have not met their burden of establishing that Judge Arpert clearly erred in denying Plaintiffs' informal discovery application.

For the same reasons above, Plaintiffs have failed to demonstrate Judge Arpert's Order was "clearly erroneous or contrary to law." L.Civ.R. 72.1(c)(1)(A). Furthermore, Plaintiffs failed to follow Judge Arpert's orders. In Judge Arpert's December 10, 2019 Order, the Court "decline[d] to entertain the complaints raised in Plaintiffs' application because it was neither timely nor was it presented in compliance with the Court's [October 2, 2019] Order." (ECF No. 37 at 6.) Instead of filing a formal motion as requested by the Court, Plaintiffs submitted an informal application (ECF Nos. 35 & 36.) Additionally, "Plaintiffs failed to participate in the [Court scheduled] telephone status conference set for November 18, 2019" to discuss discovery motions filed by the

7

parties. (ECF No. 37 at 2.) Accordingly, Plaintiffs have failed to establish that Judge Arpert's clearly erred in denying Plaintiffs' discovery application.

Because Judge Arpert has been involved in the matter procedurally since 2018, has broad discretion to manage his docket and decide discovery issues, and the record clearly reflects Judge Arpert provided Plaintiffs with numerous extensions to produce initial disclosures, medical reports, and expert reports (*see* ECF Nos. 10, 16, 18, 20, 26, & 29), the Court finds Judge Arpert's decision is not erroneous or contrary to law. The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." *Marks*, 347 F. Supp. 2d at 149. Plaintiffs have not met this burden. Because Plaintiffs have not established that Judge Arpert clearly erred in granting Defendants' Motion to Compel Discovery and denying Plaintiffs' informal discovery application, Plaintiffs' Appeal is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Appeal (ECF No. 41) is **DENIED** and Judge Arpert's Order (ECF No. 37) is **AFFIRMED.** An appropriate order will follow.

**Date: September 29, 2020**  */s/ Brian R. Martinotti*  
**HON. BRIAN R. MARTINOTTI**  
**UNITED STATES DISTRICT JUDGE**